■    In the Matter of RAOUL P., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order entered May 6, 1966, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of reversing the dispositional portion of the order placing appellant in a State Training School, and remanding the matter ˙for a full dispositional hearing, without costs or disbursements. In this proceeding, it was determined that appellant had committed acts which if done by an adult would constitute the crime of burglary,

and appellant was adjudged to be a juvenile delinquent. The adjudication of the appellant as a juvenile delinquent is not here questioned, the only point raised being the claimed invalidity of the order of disposition. The Family Court Act provides that a dispositional hearing must be held after the completion of the fact-finding hearing which determines delinquency. (Family Ct. Act, §§ 746, 749.) Consequently, any disposition made without a hearing is invalid. It must follow that if a hearing be inadequate, it is as if no hearing at all had been held, and any disposition made, based upon such hearing must be declared invalid. We cannot consider the hearing which was conducted to be a hearing in the full sense of the word because of the refusal of the court to hear parents who requested permission to speak. Indeed, the hearing as conducted did not satisfy the requirements of section 745 of the Family Court Act which provides that material and relevant evidence may be admitted during a dispositional hearing. Certainly, statements made by the parents should be considered. The parents have a substantial interest in the proceedings, an interest which is sought to be protected by various sections of the Family Court Act. (E.g., Family Ct. Act, §§ 741, 748, 749.) The refusal of the court to hear them is at the very least an abuse of discretion, if indeed there were room for discretion in the circumstances. Nor does it matter that the court in making its determination as to the disposition of the minor had before it certain reports which seemed to indicate that the court might very well have been correct in its determination. As was stated in *Matter of Dennis* (20 A D 2d 86, 89) " Even though the court may be so familiar with all the facts that it believes that a dispositional hearing will be of no benefit to the child, the requirements of sections 743 to 749 must be followed and a dispositional hearing held." " The dispositional hearing was more peremptory than the circumstances required." (*Matter of Addison*, 20 A D 2d 90, 93.) Accordingly, the matter is remanded for a full and complete dispositional hearing. Concur — Botein, P. J., Rabin, McNally, Stevens and Witmer, JJ.