Louis A. Pagnucco, J.
In this juvenile delinquency proceeding the respondent is alleged to have perpetrated acts which if committed by an adult would constitute two homicides. He now seeks through motions of his counsel to simultaneously employ all the pretrial disclosure proceedings provided in the CPLR, contending that, ‘ ‘ they are suitable to the proceeding involved ” (Family Ct. Act, § 165).
Recognizing that such civil discovery procedures for discovery and disclosure are difficult if not impossible to utilize in this ■type of case within the purposes and limitations of the Family Court Act, learned counsel forthrightly alternatively urges that ‘ ‘ The respondent is willing to forego civil discovery procedures if he can avail himself of the standard criminal procedures such as the right to a preliminary hearing, a ‘ Huntley ’ hearing, trial by jury, prior statements of adverse witnesses, rigorous evidentiary requirements and other like requirements.”
The speed with which a “ fact finding hearing ” in the absence of proper adjournments, is provided for in the legislative pattern of the Family Court Act together with the requirement that the petition be laid before and indorsed by the court directing the issuance of a summons on it negates the need for a preliminary hearing. Counsel’s argument that in all criminal cases a defendant is afforded a preliminary hearing is not entirely accurate since a Grand Jury may indict without notice to defend *699 ant, thus eliminating the right to a prior hearing on the right to be heard by the Grand Jury. Thus a plea for providing a preliminary hearing in addition to the safeguards already provided in the Family Court Act to avoid unwarranted detentions must be addressed to the Legislature.
The movant has failed to demonstrate or even to argue the right to or the need for a jury trial and his application for such a trial is denied.
The motion for a ‘ ‘ Huntley hearing ’ ’ on the voluntariness of the confession in advance of the trial is granted and such hearing shall proceed before the Judge designated to preside on the fact finding hearing. The portion of the motion seeking to have the fact-finding hearing conducted by a different Judge is respectfully referred to the Judge who will conduct the “ Huntley hearing ” who after its conclusion will be in a better position to assess the need for another Judge to conduct the fact finding hearing.
The motions to furnish respondent with copies of witnesses’ statements, autopsy reports and his own statements are denied as to witnesses’ statements and granted as to the autopsy reports and his own statements as already agreed to in open court by the Corporation Counsel.
Accordingly the motions for interrogatories, pretrial depositions of witnesses and other CPLB. disclosure are denied and the alternative relief requested is granted to the extent herein indicated.