Evans V. Brewster, J.
The petitioner herein seeks to obtain an adjudication under article 7 of the Family Court Act that the respondent, Marie W., is a juvenile delinquent by virtue of her having committed an act which if done by an adult would constitute the crime of petit larceny.
Motions to dismiss the petition because of petitioner’s failure to set for the essential elements of the crime of petit larceny and because the petitioner is not a proper party to initiate a proceeding under article 7 of the Family Court Act have been denied. There remains for determination respondent’s motion for a trial by jury and for discovery and inspection and written interrogatories.
"While recent decisions of this court, the appellate courts of the State of New York and the United States Supreme Court afford to juveniles many of the same constitutional rights granted to adults, neither the courts nor the Legislature of the State of New York have granted the right to a trial by jury in juvenile proceedings in this court. This failure is not inconsistent with either the United States Constitution or the Constitution of the State of New York or the intention of the framers of the Family Court Act. While juvenile proceedings have been characterized as “ quasi-criminal ”, this court can find little if any support for the treatment or characterization of juvenile proceedings as criminal proceedings. ‘ ‘ Early in the history of the juvenile court movement, there was agreement that juvenile delinquency proceedings should be 1 civil ’, not ‘ criminal. ’ This agreement was based on a sense of a child’s exuberance and vitality and the stress of the early years of life. The restraints and disciplines of adulthood have not yet been established. The possibilities of change are seemingly great. And so the decision was made to avoid a criminal conviction for the young and to shape the law and provide a court to guide and supervise, rather than punish, children in trouble. The Committee adheres to that decision.”
(Report of the Joint Legislative Committee on Court Reorganization II The Family Court Act, p. 6.)
It is clear that the Joint Legislative Committee on Court Reorganization — The Family Court Act, anticipated the need for continued legislative study and the enactment of legislation *587 to implement the concept of the Family Court. This philosophy is emphasized in the statement of the committee. ‘ ‘ The Family Court is concerned with many of the most pressing problems facing society: juvenile delinquency, conflicts in the family, neglected and abandoned children and many others. It must deal with sensitive and difficult areas of life about which reasonable men and women differ. Hence, it is necessarily an experimental court. The proposed legislation for this reason leaves room for experimentation and looks to improvements based on experience and observation.”
(Report of the Joint Legislative Committee on Court Reorganization II The Family Court Act, Preface, p. ix.)
The Sixth Amendment of the United States Constitution guarantees the right to a trial by jury in “ all criminal prosecutions ”. In Duncan v. Louisiana (391 U. S. 145) the United States Supreme Court construed this phrase to mean all “serious ” criminal prosecutions. Article 7 of the Family Court Act encompasses, in the definition of juvenile delinquent, acts which would constitute crimes if committed by an adult. Clearly the intent is to disassociate juveniles from activities defined as “ criminal ” and being included in the general description and classification of criminals. The Legislature has clearly shown its intent to treat juveniles separate and apart from adults and to consider the acts of juveniles not as crimes but as a course of conduct which alerts the courts and society to the need to provide assistance and guidance to a juvenile. Juvenile delinquency proceedings in the Family Court are not found to be “ criminal prosecutions ”. 61 The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is parens patriae rather than prosecuting attorney and judge.” (Kent v. United States, 383 U. S. 541, 554-555.)
The recent appellate court and United States Supreme Court decisions involving rights of juveniles have been primarily concerned with the safeguarding of the rights of the juveniles and in affording to the juvenile such constitutional rights as would guarantee to him the benefit of counsel, protection against compulsory self incrimination, confrontation of witnesses and notice of the issues involved (Matter of Gault, 387 U. S. 1). These decisions relate to the juvenile’s rights with respect to the manner in which the petitioner presents his affirmative case and the manner in which the youth defends against the allegations rather *588 than whether the trial shall be before a Judge only or a Judge and jury. It is clear that the rights and interests of juveniles must be protected to avoid a finding that he committed an act which he in fact did not commit — in effect to protect the innocent juvenile against a finding of fault where none existed. Trial by jury is not related to the rights and protection which have been afforded juveniles under recent decisions.
In the face of legislative denial of any recognition and acceptance that crimes are committed by juveniles and the constitutional limitation that the right to trial by jury exists only with respect to “ serious crimes ”, this court cannot conclude that the respondent in a petition requesting an adjudication of a juvenile delinquent has a constitutional right to a trial by jury. Article 7 of the Family Court Act contains no provision granting to a respondent juvenile a right to a trial by jury.
The motion for a trial by jury in this proceeding is denied.
With respect to respondent’s motion for pretrial discovery, the discovery provisions of the CPLR are not ‘1 appropriate ’ ’, within the meaning of section 165 of the Family Court Act, to a juvenile delinquency proceeding. “ (C)ivil discovery procedures for discovery and disclosure are difficult if not impossible to utilize in this type of case within the purposes and-limitations of the Family Court Act ”. (Matter of Joseph P., 60 Misc 2d 697, 698.)
The Family Court Act specifically states that the respondent has the right to remain silent (§ 741, subd. [a]). Granting bilateral pretrial discovery would violate this right, while granting unilateral pretrial discovery for the sole benefit of the respondent would be prejudicial to the petitioner. This court rejects both of these alternatives.