Memorandum. Case remitted to the Family Court for a postdispositional hearing as herein indicated. Final determination of this appeal held in abeyance, pending the outcome of such hearing.
*816 The complainant, victim of the robbery, testified that she had never seen her assailant before and saw him for a moment or two at the time of the commission of the crime. The other witness who came to her rescue, had the robber under observation for a longer period before he escaped. A few weeks after the robbery, while appellant was in custody and when a lineup would have been feasible, a police officer displayed photographs only of appellant to the key witnesses. This fact was not known to defense counsel until after the fact-finding hearing. At the hearing, the witnesses testified that the first time either had seen appellant after the robbery was in court at the hearing. Neither mentioned, nor was information elicited, that a photograph, or photograps, only of this appellant had been shown to them prior to the fact-finding hearing.
Prior to the dispositional hearing, a motion was made by defense counsel for a new hearing on the ground of his recent discovery that prehearing photographic identifications had been made and not mentioned on interrogation. The motion was denied. It may be noted that, at the hearing, appellant testified at some length and denied committing the crime.
When photographs are shown to a witness, there is always present the danger of an incorrect identification. The danger is increased when a single photograph is exhibited which tends to emphasize the person portrayed as the person sought. A claim of prejudice by a defendant “ is a claim which must be evaluated in light of the totality of surrounding circumstances.” (Simmons v. United States, 390 U. S. 377, 383.)
Under the circumstances, defense counsel should have been permitted the voir dire he sought in order to explore whether the procedure used as to the photographs was so unfair or unduly suggestive as to affect the later in-court identification (see People v. Brown, 20 N Y 2d 238; People v. Ballott, 20 N Y 2d 600). The disclosure of pretrial photographic identification could not have prejudiced the People and it would have afforded a fair opportunity to more accurately assess the in-court identification (see People v. Rahming, 26 N Y 2d 411). Nor should the fact that appellant is a juvenile alter the process (cf. CPL 710.30 as to adults).
At the hearing directed to be held, defense counsel shall be permitted to explore the issue with a view to permitting an informed conclusion by the trier of the facts as to whether the *817 procedure used, in any way, so tainted the in-court identification, as to prejudice the rights of appellant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
Determination of appeal withheld and the matter remitted to the Family Court, Kings County, for further proceedings in accordance with the memorandum herein.