■ In the Matter of NATHAN N., Appellant.—Order of Family Court, New York County, entered July 2, 1976, adjudicating appellant to be a juvenile delinquent and placing defendant for a period of 18 months in the custody of the Division for Youth, Title III (training school), is unanimously affirmed, without costs and without disbursements. Appellant was adjudged a juvenile delinquent on his plea admitting that he had done an act which, if done by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree under section 220.09 of the Penal Law, a class C felony. The appeal does not dispute the propriety of the finding that appellant had committed these acts, but only attacks the disposition. The Family Court Judge's thoughtful opinion on disposition amply demonstrates that the Judge carefully and wisely exercised, within the limits of law, the "wide discretion and grave responsibilities" which the statute gave her. (Family Ct Act, § 141.) The objection that appellant was denied due process because of bias of the Family Court Judge is without substance. There is nothing to indicate that the Family Court Judge was biased. The dispositional stage is the Family Court analogue of sentencing in an adult criminal case. The case came to the dispositional Judge after a finding of juvenile delinquency, and the dispositional Judge had the right to commence the proceeding on that premise. Furthermore, the Judge had the right at that hearing to use reports prepared by the probation service. (Family Ct Act, § 746; to the same effect see § 750, subd 1, eff Feb. 1, 1977.) She thus had the right if not, indeed, the duty to know the circumstances of the appellant's misconduct, including the realization that this was a sale of narcotics under an unfortunately too prevalent pattern. Appellant, indeed, later admitted that he did not merely possess but was selling narcotics. The Family Court Judge had a right and a duty to be familiar with her staff and with the available facilities for disposition. Finally, we note that by express provision of the statute, the evidence at a dispositional hearing need be only "material and relevant." (Family Ct Act, § 745), unlike the fact-finding

hearing at which the evidence must also be "competent" (Family Ct Act, § 744). Concur—Stevens, P. J., Kupferman, Birns, Silverman and Markewich, JJ.