Shirley Wohl Kram, J.
The petition in this delinquency proceeding charges the respondent a 13-year-old boy with the commission of acts if done by an adult, would constitute the crimes of attempted rape (Penal Law, §§ 110.00; 1305.20), sexual abuse in the second degree (Penal Law, § 130.60), assault in the third degree (Penal Law, § 120.00), criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), unlawful imprisonment in the second degree (Penal Law, § 120.15).
On May 4, 1977 the respondent by his attorney, Stephen Pokart, Esq., served upon W. Bernard Richland, Esq., Corpora *1016 tian Counsel a demand for interrogatories pursuant to CPLR article 31. On May 20, 1977, James Dwyer, Esq., an Assistant Corporation Counsel made a motion for a protective order vacating the demand for interrogatories, claiming that the disclosure provisions of the CPLR are bilateral in nature and thus not appropriate to a proceeding where the respondent’s Fifth Amendment privilege bars reciprocal discovery. He contends that the civil rules of disclosure are inapplicable to a juvenile delinquency proceeding.
This court is of the opinion it is appropriate now to establish a precedent for litigants to follow in juvenile delinquency proceedings. We have been granting discovery under the CPLR in an effort not to prejudice the respondent by denying him his right to disclosure. However, this court is of the opinion that the proper form in these proceedings for pretrial discovery is to proceed pursuant to the Criminal Procedure Law (CPL) and it is the direction of the court that pretrial discovery in delinquency proceedings shall follow the rules set forth in the CPL. The respondent’s demand for interrogatories is hereby denied without prejudice to renew in accordance with the rules of the CPL. Furthermore, the Corporation Counsel’s motion for a protective order is also denied since the respondent’s demand for interrogatories was made under the CPLR and thus was defective in form.
In Matter of Gregory W. (19 NY2d 55) the Court of Appeals described a delinquency proceeding as one being quasi-criminal in nature. The court believes that the Gregory case (supra) establishes the precedent for the adoption of the CPL in all matters regarding pretrial discovery. The respondent in a delinquency proceeding shall not be granted a greater latitude of pretrial discovery that is accorded a criminal offender. There are cases which say that a juvenile is entitled to no less protection than an adult charged with a crime under due process and equal protection standards (see, e.g. Matter of Gault, 387 US 1; Matter of Arthur M., 34 AD2d 761; Matter of Steven B., 30 AD2d 442; Matter of William L., 29 AD2d 182), no case has said that he is entitled to more latitude in a delinquency proceeding.
In Matter of Marie W. (62 Misc 2d 585) the court held that respondent’s motion for pretrial discovery pursuant to the CPLR was inappropriate to a juvenile delinquency proceeding, and in Matter of Joseph P. (60 Misc 2d 697, 698) the court *1017 discussed the problem of allowing civil discovery in delinquency proceedings.
"Civil discovery procedures for discovery and disclosure are difficult if not impossible to utilize in this type of case within the purposes and limitations of the Family Court Act”. The court then held that the respondent’s motion for interrogatories, pretrial depositions of witnesses and other CPLR disclosure was denied.
This court agrees with the Marie W. (supra) and Joseph P. (supra) cases and hereby orders that all pretrial discovery in juvenile delinquency proceedings shall comply with the rules set forth in the Criminal Procedure Law.