OPINION OF THE COURT
Edith Miller, J.
The petition in this delinquency proceeding charges the respondent, a 15-year-old boy, with the commission of acts if done by an adult, would constitute the crimes of robbery in the first degree (Penal Law, § 160.15), a designated felony act pursuant to section 712 of the Family Court Act, robbery in *98 the second degree (Penal Law, § 160.10), and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01).
On November 21, 1977 the respondent by his attorney served upon the District Attorney an order to show cause, demanding a voir dire to establish that the out-of-court identification, lineup, made by the petitioner’s witnesses was tainted by illegal police conduct, and therefore, should not be admitted into evidence. This order to show cause was served upon the District Attorney after he had completed his case. It was the contention of the Law Guardian that she only learned about the possible taint of the lineup during her cross-examination of the petitioner’s witnesses. It was the contention of the District Attorney that by not making her motion before trial as is done in criminal proceedings, or at least prior to completion of petitioner’s case the respondent had waived his right to challenge the legality of the lineup.
This court is of the opinion that it is appropriate now to consider a procedure for litigants to follow in juvenile delinquency proceedings. The court has been granting voir dire examinations of the legality of lineups at any time during the proceedings. (Matter of James H., 34 NY2d 814.) However, since the enactment of the Juvenile Justice Reform Act of 1976 (L 1976, ch 878), and the creation of the designated felony acts, this court has been perplexed by the procedural confusion of applying civil procedure to quasi-criminal proceedings. In Matter of Gregory W. (19 NY2d 55), the Court of Appeals described a delinquency proceeding as one being quasi-criminal in nature. In an attempt to clarify this dilemma the court rendered a decision in Matter of Terry T. (90 Misc 2d 1015), in which it held that pretrial discovery in juvenile delinquency proceedings should comply with the rules set forth in the Criminal Procedure Law.
This court believes the same doctrine should be applied in challenging the legality of a lineup under the case law established in United States v Wade (388 US 218) and Gilbert v California (388 US 263). Furthermore, a juvenile is entitled to no less protection than an adult charged with a crime under due process and equal protection standards (see, e.g., Matter of Gault, 387 US 1; Matter of Arthur M., 34 AD2d 761; Matter of Steven B., 30 AD2d 442; Matter of William L., 29 AD2d 182).
In a criminal proceeding, pursuant to CPL 710.30 and 710.40 various methods have been established to afford the defendant adequate opportunity to challenge any and all *99 pretrial statements and identification if the People intend to use such evidence against him at trial (cf. Application of CPL Provisions In Juvenile Delinquency Cases, NYLJ, Dec. 1, 1977, p 1, col 2-3).
It is the opinion of this court that this is the proper procedure for the court to follow.
In arriving at this decision, the court has considered that separate hearings minimize the danger of improper transference between the testimony adduced during the voir dire and the testimony adduced during the hearing on the merits of the case itself. The New York Court of Appeals has already determined that in nonjury trials the same Judge may determine both the issue of suppression and the issue of guilt. The adoption of this procedure merely delineates the issues so that the rights of all parties may be properly protected. A Judge is required, following a suppression hearing, to make findings of fact and conclusions of law. By following the above procedure the suppression hearing can be held prior to the commencement of the fact-finding hearing.
If the motion to suppress is denied, the hearing can commence immediately following the requisite findings of fact and conclusions of law. If the motion to suppress is granted, the trial can proceed immediately following the requisite findings of fact and conclusions of law — unless the petitioner (ADA or ACC) seek an interlocutory appeal.
In addition the court notes that the respondent is clearly not in jeopardy at a pretrial suppression hearing. However, it is not clear whether the prosecution, if the motion is granted, can appeal from a voir dire within the hearing itself since jeopardy has attached to the juvenile after the commencement of the trial on the merits.
In the matter herein, the respondent’s motion was made prior to this decision. Therefore, the court allowed the voir dire hearing to determine the legality of the lineup.