*671 OPINION OF THE COURT
Shirley Wohl Kram, J.
In this juvenile delinquency proceeding, the court has before it a motion by respondent seeking an order (1) granting a pretrial hearing pursuant to CPL article 710 on the question of the admissibility of certain identification testimony to be offered by the District Attorney at trial and (2) directing that such pretrial hearing be conducted by a Judge other than the Judge who will preside over the fact-finding hearing.[1]
As to the first portion of respondent’s motion, a brief outline of recent changes in the juvenile justice system is required to frame the context within which the issue raised must be considered.
Although juvenile delinquency proceedings pursuant to article 7 of the Family Court Act were initially characterized as civil in nature (People v Lewis, 260 NY 171), it has long since been recognized that such proceedings are at least quasi-criminal in nature (Matter of Gregory W., 19 NY2d 55) thereby requiring adherence to many of the procedural safeguards which are designed to protect the constitutional due process right of the accused in the adult system, (see e.g., Matter of Gault, 387 US 1 and its progeny.)
Recent changes in the juvenile system, embodied in the Juvenile Justice Reform Acts of 1976 and 1978, have done much to underscore the criminal aspect of the "quasi-criminal” nature of juvenile delinquency proceedings. The 1976 Reform Act (L 1976, ch 878, § 1 et seq.) created the category of serious, violent "[designated felony acts” (Family Ct Act, § 712, subd [h]) with respect to 14- and 15-year-olds. A juvenile found to have committed a designated felony act is tried in a special, separate part (Family Ct Act, § 117) by an Assistant District Attorney (Family Ct Act, § 254) and, upon an adjudication of guilt, may be subjected to a "restrictive placement” (Family Ct Act, § 753-a) which provides for a greatly extended initial period of confinement, with a mandatory period of secure confinement, as well as a more lengthy period of total confinement through court-ordered extensions of the initial *672 placement.[2] Moreover, in determining the necessity for confinement in any particular case, a Judge is required by the 1976 legislation to examine not only the traditional consideration of the needs and best interests of the juvenile respondent but also "the need for protection of the community.” (See Family Ct Act, § 711, as amd by L 1976, ch 878, § 2; Family Ct Act, § 753-a, subd 2, par [d], added by L 1976, ch 878, § 16.)
The Juvenile Reform Act of 1978 (L 1978, ch 478, § 1 et seq.) carried this trend toward "tougher” juvenile justice a great deal further by, inter alla, extending the application of the designated felony provisions to juveniles under the age of 14 under certain circumstances (see Family Ct Act, § 712, subd [h], as amd by L 1978, ch 478, § 2), expanding upon the list of acts which constitute a designated felony (see Family Ct Act, § 712, subd [h], pars [iv], [v], added by L 1978, ch 478, § 2),[3] and creating the category of "juvenile offender” which makes 13-, 14- and 15-year-olds criminally responsible for certain enumerated crimes (see CPL 1.20, subd 42; Penal Law, § 10.00, subd 18, added by L 1978, ch 481, § 27).[4] An alleged juvenile offender, if not removed to Family Court for treatment as an alleged juvenile delinquent, may be tried in Supreme Court and, if convicted, he may receive a sentence of incarceration comparable to that normally imposed upon a similarly situated adult defendant (see Penal Law, § 70.05). The CPL is applicable to juvenile offender proceedings.
The court now turns to a consideration of the case before it.
Respondent, who is 15 years old, was initially arraigned as a juvenile offender in Criminal Court on the charges of first degree assault (Penal Law, § 120.10), first degree robbery (Penal Law, § 160.15) and third degree criminal possession of a weapon (Penal Law, § 265.02). The case was thereafter re *673 moved to the Family Court pursuant to CPL 180.75 (subd 4) for fact finding and disposition as a juvenile delinquency matter. The underlying factual allegations remain unchanged and they constitute, in part, averments of designated felony acts.
A fact-finding hearing has not yet commenced and respondent now moves for, inter alla, a pretrial suppression hearing pursuant to CPL 710.40 (subd 3) on the admissibility of the identification evidence which the District Attorney will seek to admit at trial.[5] Respondent contends that CPL 710.40 (subd 3) should be applied to this delinquency proceeding because "the changing nature of the juvenile justice system, with its increasing emphasis on retribution and protection of the community as ends to be served, requires the eradication of distinctions between adults and juveniles in procedural and evidentiary matters”. The District Attorney opposes respondent’s motion, arguing that the current practice of voir dire during fact finding, in lieu of pretrial hearings, is not prejudicial to respondent and that, even in adult nonjury cases, there is no constitutional right to a pretrial hearing.
The court agrees that the presently existing right to a pretrial suppression hearing in nonjury criminal cases is mandated by statute and not by the State or Federal Constitutions. (People v Brown, 24 NY2d 168.) Indeed, in 1970 the Court of Appeals, citing its previous decision in Brown, specifically held that a juvenile respondent in a delinquency proceeding does not have a constitutional right to a separate suppression hearing. (Matter of D. [Daniel], 27 NY2d 90.) Nonetheless, Matter of D. (Daniel) is not dispositive of the instant motion.
The Matter of D. (Daniel) decision, which predates the radical changes in the juvenile justice system outlined above, was based upon an examination of the juvenile appellant’s due process rights, while the arguments raised by respondent in support of his motion focus on his constitutional right to equal protection. The intervening increased "criminalization” of the juvenile system, coupled with the relatively recent extension of the statutory right to a pretrial suppression *674 hearing to all criminal proceedings,[6] gives respondent’s arguments a distinct cogency.
The "juvenile offender law”, in particular, brings equal protection considerations to the foreground. The removal provisions of the "juvenile offender law” allow transfer of a juvenile offender case to the Family Court at virtually any juncture in the proceedings, including at the posttrial sentencing stage. (See CPL 180.75, 190.71, 210.43, 220.10, 310.85, 330.25, 725.00 et seq.) Thus, two juveniles both of whom ultimately appear before a Family Court Judge for disposition on adjudications of similar delinquency acts may be afforded disparate procedural rights prior to and during fact finding depending upon whether removal was accomplished at a pretrial or posttrial juncture.
While the court cannot, and need not, conform all its procedures to those afforded under the adult system (Kent v United States, 383 US 541; Matter of Winship, 397 US 358), disparate treatment must, at a minimum, be grounded upon some rational basis, if not some compelling State interest (People ex rel. Wayburn v Schupf, 39 NY2d 682). The court finds no such rational basis to justify denying the juvenile respondent, at least in a designated felony case, the same procedural right to a pretrial hearing afforded his adult and juvenile offender counterparts.[7]
This holding is in conformity with the clearly discernible trend toward application of many CPL provisions to juvenile delinquency proceedings. (See, e.g., Matter of Terry T., 90 Misc 2d 1015; Matter of Archer, 89 Misc 2d 526.) Moreover, in a recent case, the court commented upon the desirability of applying CPL provisions to identification suppression hearings in juvenile proceedings. (See Matter of Rubin M., 93 Misc 2d *675 97.) The court concluded (at p 99) that "separate hearings minimize the danger of improper transference between the testimony adduced during the voir dire and the testimony adduced during the hearing on the merits of the case itself.” Further, pretrial hearings would enable the prosecution to appeal an adverse suppression ruling before the constraints of the double jeopardy prohibition are effectuated by the onset of fact finding. (Matter of Rubin M., 93 Misc 2d 97, 99, supra; see, also, People v Ganci, 27 NY2d 418, 430 [Judge Breitel concurring].)
Accordingly, in view of the above, that portion of respondent’s motion seeking a pretrial suppression hearing is granted.
As to the second portion of respondent’s motion requesting an order that the pretrial hearing not be heard by the same Judge who will preside over fact finding, that portion of the motion is denied. It is well established in the adult system that in nonjury cases the Presiding Judge may determine all questions of fact including those which bear upon the suppression of evidence. (People v Brown, 24 NY2d 168, supra.) There is no question of equal protection here and the rule should be no different in the juvenile setting. (Matter of D. [Daniel], 27 NY2d 90, supra.)

. This case, scheduled for trial in the Designated Felony Part, has been referred to the undersigned solely for a determination on the instant motion.

. Prior to the 1976 legislation, placement could not extend beyond a juvenile’s 18th birthday without his or her consent. Pursuant to section 753-a of the Family Court Act, placement in designated felony cases may be extended without consent to a juvenile’s 21st birthday. The Reform Act of 1978 further extended the application of designated felony provisions so that where a respondent has a previous record of predicate felony delinquency adjudications, the court could, in theory, confine a very young juvenile for a period of nearly 14 years through an initial placement and subsequent extensions.

. This list has been enlarged still further by more recent legislation. (See Family Ct Act, § 712, subd [h], as amd by L 1979, ch 411, § 24.)

. The list of "juvenile offenses” is similar to, but not identical with, the list of designated felonies under the Family Court Act.

. While this case was still pending in Criminal Court, the respondent was served with notice of the District Attorney’s intent to offer testimony at trial based upon a witnesses’ prior out-of-court identification inculpating respondent in the alleged (then) criminal acts. Such notice is required pursuant to CPL 710.30.

. Prior to 1977, upon request of the prosecutor, a local criminal court was required to determine a motion to suppress during, rather than before, trial. (See CPL 710.40, subd 3, L 1970, ch 996, § 1.) However, in 1977, the CPL was amended to provide for pretrial suppression hearings in all courts of criminal jurisdiction. CPL 710.40 (subd 3) now reads: "When the motion [to suppress] is made before trial, the trial may not be commenced until determination of the motion.”

. The granting of pretrial suppression hearings in designated felony cases should not unduly burden the court nor necessitate delay. The Judge concluding a pretrial hearing may, where warranted, proceed immediately to fact finding with little need for repetitive testimony. Despite the Legislature’s initial fear that such pretrial hearings would burden the local criminal courts and delay their proceedings (see Denser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.40, p 288), CPL 710.40 (subd 3) was amended in 1977 to extend the pretrial hearing right to local criminal courts.