*381 OPINION OF THE COURT
Richard D. Huttner, J.
Respondent seeks an order pursuant to CPL 710.30 (subd 3), precluding any identification at trial by the complainant of the respondent.
On June 22, 1980, respondent was arraigned in criminal court, Kings County. The matter was subsequently removed to Family Court, and respondent was arraigned on July 1, 1980. Defense counsel was never served a notice pursuant to CPL 710.30.
CPL 710.30 (subds 1 and 2) provides that notice “must be served within fifteen days after arraignment and before trial”. The statute permits late service of such notice, only upon a showing of “good cause”.
The respondent argues that the language of the statute is mandatory. The prosecutor argues that since the respondent has shown no prejudice by the failure to serve, he should now be granted leave to serve the notice, notwithstanding that in excess of 80 days have elapsed since arraignment.
Significantly, the Legislature amended CPL 710.30 in 1976, to provide that the notice must be served within 15 days after arraignment and before trial, rather than “at any time before trial”, as was the previous statutory requirement. (L 1976, ch 194.)
Prior to the amendment, the time in which notice was required to be served was amorphous, and it was common practice for prosecutors to serve the notice on the eve of trial. This “eleventh hour” practice left defense counsel ill-prepared for trial. The 15-day requirement, besides setting forth a precise time limitation for the notice' to be served, also provides for sufficient time for the defense to utilize the information contained in said notice in the preparation of its case.
To enlarge the 15-day requirement for reasons premised on other than “good cause”, would not only be irreconcilable with the specific language of the statute, but in addition, would be repugnant to the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes §§74, *382 76.) Nowhere in the statute, nor in the recent appellate cases, is the prosecution excused from strict adherence to the statute simply because the defense is not prejudiced. Prejudice, or the lack of it, is not a factor. (People v Spruill, 47 NY2d 869; People v Briggs, 38 NY2d 319; People v Couch, 74 AD2d 582.)
The prosecutor has offered as an explanation for the delay, only that he was not informed of the identification by the police. It is exactly this “ ‘ [1] ack of continuity or other office failure’ within the prosecutor’s office”, that has been addressed by the New York Court of Appeals, and found not to constitute “good cause” within the meaning of CPL 710.30 (subd 2). (People v Spruill, supra, p 870; People v Briggs, supra, pp 321, 322.)
Therefore, the prosecution should be precluded from offering evidence of the kind specified in CPL 710.30 (subd 1) at trial.
However, respondent moves to preclude any identification by complainant of respondent as the perpetrator of the alleged crime at trial. This sanction is denied. A CPL 710.30 notice is required only with respect to a witness who has previously identified the respondent in a “police-or-ranged” confrontation for the purpose of establishing identity. (People v Berkowitz, 50 NY2d 333, 338; People v Gissendanner, 48 NY2d 543, 552.)
Finally, I find without merit the prosecutor’s argument that the Criminal Procedure Law is inapplicable to juvenile delinquency proceedings. Juvenile delinquency proceedings have long been held to be quasi-criminal in nature. (Matter of Gregory W., 19 NY2d 55.) The trend is clearly toward the application of the CPL to juvenile delinquency proceedings where suitable. In many cases, as here, to not apply these safeguards would be tantamount to depriving juveniles of procedures designed to safeguard adult defendants’ constitutional rights. (Matter of James A., 102 Misc 2d 670; Matter of Rubin M., 93 Misc 2d 97; Matter of Terry T., 90 Misc 2d 1015.)
Accordingly, petitioner is precluded only with respect to evidence arising out of identification procedures that are constitutionally protected.
*383 This matter is scheduled for trial on October 27, 1980 in Part 3.