In the Matter of LEO T., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, June 15, 1982

**APPEARANCES OF COUNSEL**

*Debra A. James* of counsel (*Francis F. Caputo* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Wendy Sue Lauring* of counsel (*Lenore Gittis,* attorney), for respondent.

**OPINION OF THE COURT**

FEIN, J.

This is an appeal from an order of a Family Court Judge proposing to strike all identification testimony unless good cause be shown to excuse the failure to give the notice required by CPL 710.30 that there had been a showup identification.

■ This court in the exercise of discretion granted leave to appeal (Family Ct Act, § 1112). However, since the appeal plainly is from a proposed evidentiary ruling and not from an order or disposition, it is not appealable (Family Ct Act, § 1118; CPLR 5512, 5701; *Matter of Skyliner Diner Corp. v Board of Assessors of County of Nassau*, 45 AD2d 712; *Lee v Chemway Corp.*, 20 AD2d 266; *Bliss v Londner*, 20 AD2d 640; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5512:1, p 131). Moreover, since the order was conditional, appellant was not "aggrieved", and the appeal is at best premature (CPLR 5511).

■ Were we not dismissing the appeal we would be constrained to reverse. We find no basis for the proposed evidentiary ruling striking all identification testimony. We agree that CPL 710.30 applies to delinquency proceedings in the Family Court (see *Matter of James H.*, 34 NY2d 814, 816; *Matter of Albert B.*, 79 AD2d 251; *Matter of James A.*, 102 Misc 2d 670). However, it has no application in this case.

In compliance with defense counsel's omnibus motion, the prosecutor served a response as follows:

"Eyewitness to the incident apprehended the Respondent and brought said Respondent and Complainant to the police precinct.

"See above-citizen's arrest. To the knowledge of the Corporation Counsel, there were no police orchestrated showups or lineups."

The testimony conformed to the response. The complaining witness and a bystander witness testified that respondent grabbed a medallion and chain from the neck of the complaining witness while she was walking on the street. The bystander, followed by the complaining witness, gave chase and caught respondent. The complaining witness and the bystander took the respondent to a nearby police precinct where the bystander turned the respondent over to a police officer outside the precinct, saying "I am making a citizen's arrest." The complaining witness and the bystander witness spent some time in the police precinct while the police were processing the necessary paper work. During that process, the respondent was placed in a sepa-

rate room. The complaining witness and the bystander witness were asked whether the respondent was the person who took the medallion. Each responded that he was.

Since it is undisputed that the respondent was the person brought to the precinct as the robber by the witness and the victim, this was plainly not a showup within the meaning of CPL 710.30. That section is applicable only where there is a real issue of identification predicated upon "police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor" (*People v Gissendanner,* 48 NY2d 543, 552). As in that case, the in-court identification of respondent by the complainant and the witness here was based upon their viewing of him "during the commission of the crime". Neither witness "previously identified" the respondent "within the intendment of the statute" by stating to the police in the precinct that he was the robber (*supra,* p 552; see *People v Berkowitz,* 50 NY2d 333, 338, n 1).

It is noted that the Family Court Judge at the hearing stated: "I am satisfied beyond a reasonable doubt that the evidence including the 2 identifications establishes a robbery." And in the order appealed from she stated: "Where, as here, the initial identification is firm, there is little likelihood that a subsequent identification will affect its reliability."

On no reasonable basis can it be concluded that the precinct identification of the respondent was a previous identification within the meaning of the statute. To hold otherwise would exalt form over substance.

Moreover, even if the Family Court Judge concluded that there was a showup, the appropriate relief would be to strike the testimony concerning the precinct identification and then to determine whether it tainted the in-court identification of respondent by both witnesses, based on their observation of him at the time of the commission of the crime and their apprehension of him (*Matter of William D.,* 36 AD2d 970). Since the Family Court Judge had ruled that the initial identification was firm and sufficient to

find guilt beyond a reasonable doubt, there was no basis for the proposed evidentiary ruling.

Although the Corporation Counsel should have respectfully complied with the request of the Family Court Judge for a written explanation of the failure to serve the notice required by CPL 710.30, it is manifest that under the circumstances of this case no such notice was required.

Appeal from order, Family Court, New York County (P. DAVIS, J.), entered on or about January 4, 1982, which proposed to strike all identification testimony unless good cause be shown to excuse the failure to give the notice required by CPL 710.30 that there had been a showup identification, should be dismissed without costs as nonappealable.

KUPFERMAN, J. P., SANDLER, MARKEWICH and MILONAS, JJ., concur.

Appeal from order, Family Court, New York County, entered on or about January 4, 1982, unanimously dismissed, without costs and without disbursements, as the order is nonappealable.