OPINION OF THE COURT
Jeffry H. Gallet, J.
THE FACTS
The respondent was first brought to the attention of this court in June of 1981 by a petition which alleged that he forcibly engaged in deviate sexual intercourse with a five-year-old child. Following a hearing the court entered a finding of acts which, if committed by an adult, would constitute sodomy in the first degree (Penal Law, § 130.50) and ordered that the respondent be placed on probation for a period of 18 months, to expire on August 25, 1983.
On October 15, 1982, a second petition was brought against the respondent. Following a hearing on February 2, 1983, this court found respondent guilty of committing acts which, if done by an adult, would have constituted attempted burglary (Penal Law, §§ 110.00, 140.25). That finding was a violation of the terms of respondent’s probation, necessitating a new dispositional hearing on the first finding. The matter was set down for a joint dispositional hearing before me.
*558 At the hearing, the Probation Department recommended that the respondent again be placed on probation for concurrent terms for both the 1981 and 1983 findings. Both the Corporation Counsel and the Assistant District Attorney expressed their intention to oppose that recommendation. The respondent objected to their participation in the hearing on the grounds that this proceeding is civil, rather than criminal, in nature and, therefore, the Corporation Counsel and District Attorney represent individual petitioners and not the People. The Corporation Counsel and the District Attorney (the presenting agency) conceded that they had not discussed the hearing with the petitioner in either proceeding.
THE ISSUE
The issue presented to this court for determination is whether a delinquency proceeding in this court is a civil proceeding where the presenting agencies represent clients whose wishes they must follow or a criminal proceeding where they represent the People of the State of New York and have independent discretion.
THE LAW
The United States Supreme Court has repeatedly found it necessary to address the role and function of juvenile justice in this country. The seminal case in the area is Matter of Gault (387 US 1). In Gault, without finding the need to characterize juvenile proceedings as either criminal or civil, the court found that certain fundamental constitutional protections must be available to an accused juvenile as they would be available to an adult defendant. Specifically, the court held that an accused juvenile has the right to receive notice of the specific charges against him, the right to counsel, the Fifth Amendment right against self incrimination and the right to confront and cross-examine witnesses against him.
Later cases have expanded these constitutional protections to hold that the reasonable doubt standard should be applied as the quantum of proof in a delinquency case as opposed to the less stringent standards used in traditional civil cases. (Matter of Winship, 397 US 358.) In Winship the court explained that “[t]he same considerations that de *559 mand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child.” (Supra, at p 365.)
In Breed v Jones (421 US 519) the court held that a juvenile may not be put in jeopardy for the same offense twice. In addition, the privilege against double jeopardy, in the context of a juvenile proceeding, was extended to forbid a retrial on the same facts in a criminal court.
In New York, our courts have routinely held that, at a minimum, juvenile proceedings must be considered quasi-criminal in nature. (Matter of Gregory W., 19 NY2d 55.) We have expanded the scope of numerous constitutional protections and created others to attach to juvenile proceedings. For example, probable cause is required to arrest a juvenile (Matter of Irving S., 36 AD2d 642); prompt arraignment is required (Family Ct Act, § 727); and immediate parental notification of the fact of arrest and place of custody has been mandated (Family Ct Act, § 724, subd [a]).
The new trends displayed by both our courts and our Legislature as evidenced by the continued expansion of constitutional protections all point to a heightened recognition of the criminal nature of juvenile delinquency proceedings. The doctrine of parens patriae may not be used to deprive an accused juvenile of the full panoply of constitutional rights which guard the liberties of adults accused of crimes. (People ex rel. Thomas v Judges of Family Ct. of State of N. Y., County of Kings, 85 Misc 2d 569.)
Delinquency proceedings have become no less than full criminal trials. Accordingly, at a criminal proceeding in the Family Court, the presenter of the People’s case, whether it be the Corporation Coungel or the District Attorney, must be charged with the full gamut of rights and responsibilities applicable to a prosecutor in the criminal courts.
The petitioner’s attorney is a prosecutor and does not appear on behalf of an individual client. It is clear that a “public prosecutor cannot take as a guide for the conduct of his office the standards of an attorney appearing on behalf of an individual client”. (Report on Joint Conference, 44 Amer Bar Assn J 1159, 1218.) Rather, she appears on *560 behalf of the State. The Code of Professional Responsibility recognizes this fact and states: “[T]he prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute”. (Code of Professional Responsibility, EC 7-13 [1].) Most dispositive of the issues presently before us is EC 7-13 (2) of the Code of Professional Responsibility, which explains that “during trial the prosecutor is not only an advocate but he also may make decisions normally made by an individual client”.
CONCLUSION
Both the fact-finding and dispositional parts of a delinquency proceeding are essentially criminal in nature. The dispositional hearing is no less than the analogue of a sentencing in the criminal courts. (Matter of Nathan N., 56 AD2d 554; Matter of Kevin J., 108 Misc 2d 1033.) The presentment agencies in juvenile delinquency proceedings represent the State and in that capacity they are free, at their own discretion, to cross-examine the witness at a dispositional hearing and oppose any report or recommendation presented to the court. (See Family Ct Act, §§ 743, 350.3.)