OPINION OF THE COURT
Richard D. Huttner, J.
The respondent is charged with acts that if committed by an adult would constitute robbery in the third degree (Penal Law, § 160.05) and he moves herein to suppress an identification on the ground that it resulted from an illegal arrest.
The victim testified that while a passenger on a subway train, the respondent in the company of another youth snatched a gold chain from his neck. The victim, after a short chase, apprehended the respondent’s companion and held him until the police arrived on the scene. The complainant gave a description of the respondent to the police officer while the respondent’s companion furnished the officer with the respondent’s name and address. Thereafter, the police officer proceeded to the address given and knocked on the respondent’s door where he was greeted by respondent’s mother. He identified himself and requested permission from her to enter the apartment in order to question the respondent. While in the apartment, the officer noted that the respondent’s appearance fit the de *1006 scription previously given and after questioning, he requested that respondent and his mother accompany him to the precinct. Both the respondent and his mother consented and while at the precinct the complainant identified the respondent as the perpetrator. Whereupon the respondent was placed under arrest.
The respondent contends that an arrest in fact was made by the police in respondent’s apartment and said arrest violated respondent’s constitutional rights in view of the holding in Payton v New York (445 US 573). Absent exigent circumstances, the Payton rule prohibits the police from making a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest. Since Mapp v Ohio (367 US 643) the Fourth Amendment to United States Constitution has been made applicable to the States by the Fourteenth Amendment. The amendment provides: “The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized”.
The holding in Payton (supra) is a reaffirmation of the profound value the law places upon the sanctity of a man’s home and the privacies of life. It is the physical entry of the home that is the chief evil that is addressed by the Fourth Amendment. (Boyd v United States, 116 US 616; United States v United States Dist. Ct., 407 US 297.) “To be arrested in the home involves not only the invasion attendant to all arrests but also an invasion of the sanctity of the home.” (United States v Reed, 572 F2d 412, 423, cert den sub nom. Goldsmith v United States, 439 US 913.) It is manifest that the essence of the Fourth Amendment bestows upon an individual a right “to retreat into his own home” free from unreasonable government intrusion. (Silverman v United States, 365 US 505, 511.)
The issue is whether the Payton rule is applicable to juveniles. The time-worn fiction that juvenile delinquency proceedings are civil in nature is moribund. (Matter of Anthony R., 119 Misc 2d 557.) Matter of Gault (387 US 1) and its progeny establish that neither the Fourteenth *1007 Amendment nor the Bill of Rights applies to adults alone. This court perceives no cogent argument which would deny extension of the Payton rule to juvenile arrests. Nor would such an extension risk destruction of any beneficial aspects of the juvenile justice process. It would only insure that so vital a constitutional protection now afforded adults be likewise afforded children. Indeed, it appears to this court that a child’s utter reliance, both physical and psychological, on the security of his home as an oasis against the real and imagined fears of the outside world make application of the Fourth Amendment to him even more fundamental than to an adult. Accordingly, the court finds that the holding in Payton v New York (supra) is applicable to juvenile delinquency proceedings. Remarkably, however, it cannot be implemented.
Under the prevailing statutory scheme, juvenile delinquency procedures are contained in article 3 of the Family Court Act. Section 312.2 of the Family Court Act permits the issuance of a warrant when a petition has been filed only if it appears that:
“1. a summons cannot be served; or
“2. such person has refused to obey a summons or family court appearance ticket; or
“3. the respondent or other person is likely to leave the jurisdiction; or
“4. a summons, in the court’s opinion, would be ineffectual; or
“5. a respondent has failed to appear.”
Nowhere, then, does the Family Court Act provide procedures as does CPL 120.20 for the issuance of a warrant to effect the arrest of a suspect who has fled to his home and refuses to permit the police to enter in order to make a routine felony arrest. Prior to the enactment of article 3, this omission could have been remedied by adopting the procedures contained in CPL 120.20. (Matter of James A., 102 Misc 2d 670; Matter of Terry T., 90 Misc 2d 1015.) However, section 303.1 of the Family Court Act specifically interdicts this prior practice. Based on the foregoing, the Legislature is urged to enact the necessary legislation to remedy this deficiency, which obstructs routine law enforcement activities in relation to juveniles.
*1008 In the case at bar, however, the court finds that Payton (supra) is inapplicable since the initial entry into respondent’s home was consensual. Additionally, the credible evidence adduced at trial indicates that the respondent was not under arrest in his home and in fact voluntarily accompanied the police officer to the precinct.
Accordingly, the motion to suppress is denied.