■ In the Matter of JOHN C., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from an order of the Family Court, New York County (Mortimer Getzels, J.), entered April 30, 1985, adjudicating respondent-appellant a juvenile delinquent after a finding that he had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and placing him with the Division for Youth, Title III, for a period of 18 months, held in abeyance and the matter remanded to Family Court for the taking of further testimony on respondent's motion to suppress physical evidence and for findings of fact and conclusions of law on the court's determination thereof.

On April 15, 1985, a delinquency petition was filed against respondent-appellant alleging that he had been found on the previous day in the possession of a loaded and operable firearm. He was assigned a Law Guardian in Family Court on that day and the matter was set down for trial on April 18. The case was called on April 18 at the end of the day and was put over until the next day. At that time, the petition was amended to add the charge of criminal possession of a controlled substance in the seventh degree. The substance was

phencyclidine (PCP). At that time, the Law Guardian asked for a *Mapp* hearing to determine if there was probable cause for the arrest. The oral application was denied and an adjournment was requested to file a written application (Family Ct Act § 330.2 [2] [incorporating by reference CPL 710.60]), which was also denied.

It is contended by the Corporation Counsel that a fact-finding hearing was statutorily required to be held no more than three days after appellant's initial appearance. (Family Ct Act § 340.1 [1] [where the highest count is less than a C felony].)

At the fact-finding hearing, the police officer testified that he observed two individuals (one of whom was the respondent) passing an open cigarette box between them containing what appeared to be three marihuana cigarettes. The officer asked them to stand up, and when they did, he heard a thud, and there was a gun between the feet of the respondent. The cigarettes were subsequently tested and found to contain PCP.

The request for an adjournment cannot be viewed as dilatory in view of the amendment of the petition, and the statutory provision allows an adjournment of up to 30 days for good cause shown. (Family Ct Act § 340.1 [3] [a].) This respondent being in detention, the adjournment could have been for up to three days.

Accordingly, we remand for a reopened hearing on the suppression issue and a determination thereof based on stated findings of fact and conclusions of law. (*See, Matter of James H.*, 34 NY2d 814; *Matter of Obulio M.*, 116 AD2d 1047.) Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.