**24** The People of the State of New York, Respondent, v. Anthony M. Trezza, Appellant.— Appeal from an order of the County Court, Kings County, denying, without a hearing, appellant's application in the nature of a writ of error *coram nobis* (1) to vacate a judgment of said court, rendered June 5, 1956, sentencing him, after he had pleaded guilty to robbery in the second degree, unarmed, to serve from 7½ to 10 years, as a second felony offender, and (2) to resentence him as a first offender. In substance, it is appellant's claim that no valid sentence was imposed on him in 1947 under the provisions of article 3-A of the Correction Law, pursuant to which the court purported to act following his plea of guilty to robbery in the second degree, unarmed, and that there was consequently no prior conviction warranting additional punishment in 1956 under section 1941 of the Penal Law. Order unanimously affirmed. Assuming, without deciding, that the 1947 sentence was improper in form, we are of the opinion that the judgment of conviction was not invalidated thereby. (Cf. *People* v. *Taras,* 269 App. Div. 694, affd. 296 N. Y. 983.) Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

Thomas Renzo, as Guardian ad Litem of Nancy Renzo, an Infant, et al., Respondents, v. Robert Kelton et al., Appellants.— In an action by an infant to recover damages for personal injuries and by her father for medical expenses and loss of services, the appeals are (1) from an order entered September 22, 1959 granting respondents' motion to vacate their default in the service of a bill of particulars, and (2) from an order entered October 7, 1959 vacating the dismissal of the action and restoring it to the trial calendar, on respondents' motion, upon certain conditions. Orders reversed, with one bill of $10 costs and disbursements, and motions denied. Respondents did not move to vacate their default in serving a bill of particulars until 47 months after the service of an order of preclusion. Nor did they move to restore the action to the calendar until 8 months after the complaint had been dismissed pursuant to rule 302 of the Rules of Civil Practice. No reasonable excuse has been offered for the delays. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.