THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RIVERA, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered May 23, 1966, convicting defendant of violation of the Public Health Law with respect to narcotic drugs, on four counts as a felony, and on two counts as a misdemeanor. Judgment affirmed. A claimed violation of due process in the conduct of a pretrial confrontation, for identification purposes, must depend upon "the totality of the circumstances surrounding it" (Stovall v. Denno, 388 U. S. 293, 302). Under the circumstances of this case, we conclude that the use of a "show-up" (having the witness secretly view only the very suspect whom the police have taken into custody for the crime) was not "'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to amount to a denial of due process of law" (People v. Brown, 20 N Y 2d 238, 244). Unlike the ordinary case involving a lay identifying witness, Russo was a trained police officer who, in the capacity of an undercover narcotics agent, had personally dealt with defendant on two occasions less than a month before the confrontation. In fact, his training in the art and necessity of accurate observation enabled him to recognize defendant and make a second buy after having met him face to face for only a few minutes four days before; and, hence, there is no reason to suppose he could not identify him a third time, three weeks later. The mere fact of the absence of a line-up was not conducive to a mistaken identification for the additional reason that, being an experienced police officer himself, Russo was "schooled in the detection of suggestive influences" (United States v. Wade, 388 U. S. 218, 230) which, in the case of a lay eyewitness or victim, might well taint the identification. Further, and in any event, the record demonstrates that Russo's in-court identification had an independent source; namely, his two purposeful dealings with defendant in June, 1965. Also, we find no error in the admission into evidence of the alleged narcotics bought from defendant on the two occasions. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.