Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ., concur.

Respondent suspended for a period of two years effective November 15, 1968.

In the Matter of Steven B., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, October 10, 1968.

*Rena K. Uviller* for appellant.

*Leonard Koerner* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order of the Family Court adjudging the appellant a juvenile delinquent. The order is based upon a finding that appellant had committed an act, which if done by an adult, would constitute the crimes of assault in the third degree and attempted robbery.

As was stated by this court in *Matter of Aaron D.* (30 A D 2d 183, 184): " The proceedings in relation to a charge of juvenile delinquency, ' resulting as they do in a loss of personal freedom, are at the very least quasi-criminal in nature.' (*Matter of Gregory, W.,* 19 N Y 2d 55, 62. See, also, *Matter of Gault,* 387 U. S. 1; *Matter of Whittington,* 391 U. S. 341.) Consequently * * * there must be full compliance with due process requirements."

The incriminating evidence upon which the finding was made by the court below is found only in the testimony given by a 10-year-old child who was not sworn by the court. While subdivision (b) of section 152 of the Family Court Act permits a Family Court Judge to " dispense with the formality of placing a minor under oath before taking his testimony ", there is no other language in that act bearing upon the sufficiency or insuffi-

ciency of such unsworn testimony as a basis for an adjudication of juvenile delinquency. In this connection section 392 of the Code of Criminal Procedure, which provides in part for the taking of evidence of an unsworn child, goes on to state that " no person shall be held or convicted of an offense upon such testimony unsupported by other evidence ".

It is apparent that this appellant must be given the benefit of section 392 of the Code of Criminal Procedure, because to hold otherwise would deny to him his right of equal protection of the laws. (*Matter of Gault, supra.*) The requirements of due process and fair treatment demand that the provisions of section 392 be extended to children charged with the doing of any act which, if done by an adult, would be a crime. We do not perceive any valid ground for denying appellant the benefit of that section simply because he is a child. (*Matter of William L.,* 29 A D 2d 182, 185.) Since there is no other evidence in the record to corroborate the unsworn testimony of the child the adjudication of juvenile delinquency should be reversed, on the law, without costs, and a new trial ordered.

STEVENS, J. P., EAGER, STEUER, CAPOZZOLI and MCNALLY, JJ., concur.

Order entered on October 25, 1967, unanimously reversed, on the law, without costs or disbursements, and a new trial ordered.