Samuel J. Silverman, J.
This motion for a pretrial identification hearing and for suppression of certain evidence is in all respects denied, without prejudice to renewal on a proper showing of the material facts.
Apparently a correction officer was hurt in a disturbance at the Adolescent Remand Shelter in Elmhurst, New York, by someone throwing some object or debris at him; and defendant, an inmate, has been indicted for assault and related crimes.
CPL 710.60 provides with respect to motions to suppress evidence, that: “ 1. * * * The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact * * * supporting such grounds * * # 3. The court may summarily deny the motion if: * * * (b) The sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three of section 710.20 [admissions to law enforcement personnel].”
As to the supposedly improper identification, defendant’s attorney says — apparently on the basis of conversations with his client whose substance is not disclosed — that at the time of- the disturbance, the guard was wearing a gas mask and there was tear gas and smoke in the room, obscuring vision; that the correction officer did not pick out defendant as a perpetrator immediately, but that ‘ ‘ after about 10 days of tramping up and down by the guard and constant examination of the men in the sector, he [defendant] was finally demarked for this ‘ singular ’ feat.”
Nothing is alleged to suggest that the pretrial identification was illegal or unconstitutional or the result of unduly suggestive circumstances; indeed, quite the contrary. Identification if made was from among hundreds of prisoners. At most, it is suggested that the identification, if made, is unreliable; but that is a matter for the jury.
As to the branch of the motion for suppression of pretrial admissions to law enforcement personnel, there is no suggestion that there are such admissions. If the prosecution intends to offer such evidence at the trial, it is obligated to serve upon the *383 defendant a notice of such intention (OPL 710.30). No such notice has been served. There is no point to ordering a hearing for suppression of such admissions until it is established that there are such admissions.
CPL 710.30 (subd. 1) requires the People to give notice of intention to use evidence of defendant’s statements or identification by a person who has previously identified defendant. It does not appear that such notice has been given here.
As to the branch of the motion for the suppression of an alleged dangerous weapon or debris, there is no suggestion that it was illegally acquired by the prosecution; if thrown, it was not obtained as a result of a search of defendant. Indeed there is nothing even to show that the prosecution has any such tangible evidence.
The great delays in the trials of criminal cases require that suppression hearings shall not be automatic in all cases; that precious courtroom time shall not be taken up with evidentiary suppression hearings at least unless there is some showing of a reason to believe that the evidence sought to be suppressed is the product of some violation of defendant’s legal rights.
Therefore the statutory requirement of a statement of the grounds of the motion and ‘ ‘ sworn allegations of fact * * * supporting such grounds” (CPL 710.60, subd. 1) should be strictly observed.
I am not entirely clear whether People v. Rivera (20 N Y 2d 669) sets forth a less strict standard at least as to claims that evidence is the product of an illegal search. That decision was rendered before the Criminal Procedure Law was enacted, although the then Appellate Division rules contained somewhat similar (though arguably less binding) requirements (and perhaps there was more in the way of factual allegations as to search in the Rivera case). In any event I think the experience of the last few years, with the many groundless, time-consuming suppression hearings, while the criminal trial calendar falls further and further behind, would justify re-examination of the question. (Cf. People v. Ganci, 27 N Y 2d 418, 424 et seq.)
I would add that I doubt that the court should pay any attention to affidavits by an attorney without personal knowledge of the facts unless there is a clear statement of the sources of his information and the grounds for his belief. The attorney’s allegations are not stated to be precisely what his client told him; they may be the attorney’s conclusions based in part (a) on so much of his client’s statements (perhaps themselves hearsay or conclusions) as the attorney believes, disregarding the rest, and *384 (b) upon the attorney’s study of the case — conclusions with which the court may disagree if if knows precisely what the attorney’s informant said.
I am not now determining on the merits that evidence of identification, admissions, or evidence obtained as a result of searches may not be suppressed on a proper showing. I merely rule on the insufficiency of the present papers.