◼ In the Matter of DAVID F. DOBBINS, Appellant, v. TOWN OF EASTCHESTER et al., Respondents.—In a proceeding pursuant to article 78 of the CPLR to enjoin respondents Town of Eastchester and its supervisor from granting to respondent Eastchester Little League, Inc., the exclusive use of public property known as Francis O'Rourke Field and to make the property available for the use of citizens and residents of the State of New York other than said Little League, Inc., petitioner appeals from (1) a judgment of the Supreme Court, Westchester County, dated June 26, 1972, which dismissed the petition, without a hearing, and (2) an order of the same court, dated July 24, 1972, which denied his motion for reargument. Judgment and order reversed, on the law, without costs, and proceeding remitted to Special Term for trial in accordance with the views herein set forth. In our opinion, whether respondent Eastchester Little League, Inc., had been granted the exclusive use of the public property in question in violation of law was a triable issue of fact which should have been tried pursuant to CPLR 7804 (subd. [h]). Rabin, P. J., Martuscello and Shapiro, JJ., concur; Hopkins and Munder, JJ., dissent and vote to affirm the judgment and order.

◼ In the Matter of WILLIAM L. (Anonymous), Appellant.—In a proceeding under article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated July 27, 1972, which adjudicated appellant a juvenile delinquent and placed him on probation for one year. Order reversed, on the law and the facts, without costs, and petition dismissed. The record is barren of any evidence tending to corroborate the testimony of the accomplice that it was appellant who committed the theft. In such circumstances the adjudication of juvenile delinquency cannot stand (People v. Fitzgerald, 244 N. Y. 307; Matter of Arthur M., 34 A D 2d 761). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

◼ In the Matter of WALLACE SIFE, Petitioner, v. BOARD OF EDUCATION, Respondent.—Proceeding dismissed on the merits and respondent's determination, dated September 2, 1971, confirmed, without costs. In our opinion, the determination under review is, upon the entire record, supported by substantial evidence. Munder, Acting P. J., Martuscello, Latham, Gulotta and Brennan, JJ., concur.