■ In the Matter of GARY C. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Queens County, dated June 22, 1972, which adjudged that appellant is a person in need of supervision and placed him on probation for one year. Order reversed, on the law, and proceeding remitted to the Family Court, Queens County, for a new hearing on the issue of identification and for further proceedings not inconsistent herewith. The questions of fact have not been considered. The Family Court's repeated warning that if appellant testified at the identification hearing he would do so at his own risk, since he might subject himself to incrimination or cross-examination on matters other than the identification issue, effectively prevented him from testifying, thereby depriving him of a fair and complete hearing (*Simmons* v. *United States*, 390 U. S. 377; *People* v. *Sanders*, 32 A D 2d 879). Moreover, the petition instituting this proceeding, verified April 24, 1972, alleged that appellant was a juvenile delinquent. Following a fact-finding hearing the Family Court determined that appellant committed the act alleged in the petition and that the act, if done by an adult, would constitute a crime. However, the "Order of Adjudication and Disposition", dated June 22, 1972, instead of adjudging that appellant was a juvenile delinquent, incorrectly adjudged that he "is a person in need of supervision" (see *Matter of Raymond O.* (Anonymous), 31 N Y 2d 730). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.