■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WRIGHT, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO FIGUEROA, Appellant.—Judgments, Supreme Court, Bronx County, rendered March 21, 1973, convicting defendants, after a jury trial, of criminally selling a dangerous drug in the third degree, unanimously reversed, on the law and as a matter of discretion in the interest of justice and a new trial, preceded by a *Wade* hearing, directed. Defendants were charged with selling narcotics to an undercover policewoman who had been introduced to defendant Wright at a Bronx housing project by a "registered" informant known as "Bellbottoms". According to the officer, she, Bellbottoms and both defendants proceeded by car to an apartment in Manhattan, for which defendant Figueroa had a key. The undercover officer's backup team followed in their unmarked vehicle and noted the license number of the car being driven by Figueroa. Later investigation disclosed that the car was registered to Wright's brother. After the undercover officer and her traveling companions were inside the Manhattan apartment, Figueroa went into another room and returned shortly with a foil packet containing cocaine. Some seven weeks later, the undercover team returned to the housing project and the backup officers arrested both defendants, after the undercover officer confirmed their identities by radio contact from her car parked nearby. This conviction (after an earlier trial terminated with a deadlocked jury) rests solely on the identification made by the undercover officer who admitted that she had made 200 to 250 narcotics buys prior to the instant one and had either been unable to recognize or locate the seller in about 25 cases. Defendant Wright, a 21-year employee of the New York City Housing Authority with a prior unblemished record, denied any involvement in the instant crime. His alibi defense was corroborated by a coworker and the housing company's boiler room log book. Under the circumstances of this case, defendants' request for the disclosure of the informer, though equivocally made, should have been granted. *(People v Goggins,* 34 NY2d 163.) The failure to disclose the informer also permitted the prosecutor to bolster his case by repeated references to communications between the informant and the officers, thereby suggesting, without proving, the reliability of his information. Moreover, in view of the seven-week delay between this isolated sale and the arrest, and the circumstances of the arrest, the requested *Wade* hearing should have been granted to avoid the possibility of an irreparable mistaken identification, particularly of defend-

ant Wright. Finally, were we not directing a new trial we would, in any event, upon the record and probation report before us, have exercised our discretionary power to reduce substantially the sentence imposed on defendant Wright. Concur—Markewich; J. P., Murphy, Tilzer, Lane and Lynch, JJ.