Robert J. Sise, J.
The defendant is charged with the crime of criminal sale of a controlled substance in the third degree and related offenses.
An omnibus motion was filed by the defendant and answering papers were submitted by the People. All the demands and requests have previously been ruled upon by the court, except for one item which is the subject of this opinion.
The issue raised is whether the defendant is entitled to a Wade-type hearing to determine the admissibility of identification testimony by an undercover police officer.
For the purpose of this motion, the facts as set forth in the People’s affidavit are not disputed and are the facts herein found by the court:
On August 30, 1974, at about 1:02 p.m. a New York City police officer, acting as an undercover, purchased methadone from the defendant in the vicinity of 180th Street and Amsterdam Avenue, New York County. The undercover officer then informed his field team via radio that the sale had been consummated. He also then gave a description of the defendant to his field team.
Another officer, who had observed the transaction through binoculars, proceeded to the vicinity of 180th Street and Amsterdam Avenue and at approximately 1:05 p.m. placed the defendant under arrest.
About 10 minutes later, the undercover officer observed the defendant in custody in front of the 34th Precinct Police Station, then confirming that it was the defendant who had made the sale to him.
The court must first decide whether the viewing in front of the station house constituted an identification within the purview of United States v Wade (388 US 218) and, whether the CPL requires that a hearing be held irrespective of the court’s initial determination.
There is a broad range of authority governing the first aspect of the problem culminating with the recent decision by the Court of Appeals in People v Morales (37 NY2d 262). In their unanimous decision the court distinguished a procedure similar to that followed by the officers in this case from other viewings which might be subject to suggestive influences. In *995 Morales, this viewing procedure was characterized as being far from improper and consistent with good police work.
Considering the circumstances surrounding the sale, i.e., an identification given by description, followed 15 minutes later by the station house confirmation, the undercover officer and the procedure he followed are clearly outside the constitutionally protected area People v Anderson (NYLJ, Jan. 23, 1975, p 18, col 4; People v Rivera, 30 AD2d 692). The absence of delay in this case (15 minutes) coupled with the experience and expertise of the police officer eliminates the possibility of any suggestion which might taint a subsequent identification.
Having made this determination, there remains the more difficult question of whether the CPL mandates that a hearing be held and findings of fact made. CPL 710.20 states: "Upon motion of a defendant who * * * (b) claims that improper identification testimony may be offered against him in a criminal action, a court may, under circumstances prescribed in the article, order that such evidence be suppressed or excluded upon the ground that it: * * * 5. Consists of potential testimony identifying the defendant as a person who committed the offense charged, which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.”
Consideration of the potential testimony of the undercover officer certainly falls within the limits of this statute and there is no exception for testimony of a police officer (People v Wright, 47 AD2d 894). In Wright, the Appellate Divsiion held that a seven-week delay between the sale and the arrest along with the circumstances of the arrest mandated that a Wade hearing be held. By indirection this decision suggests that where, as here, there is no delay nor any exigent circumstances which would challenge the propriety of the previous identification, the court may deny the motion summarily. Thus, a time-consuming pretrial hearing may be avoided if the court is permitted under the CPL to enter such a summary denial (People v McCoy, 71 Misc 2d 381).
CPL 710.60 states, in pertinent part, as follows:
"3. The court may summarily deny the motion if:
"(a) The motion papers do not allege a ground constituting legal basis for the motion; or
"(b) The sworn allegations of fact do not as a matter of law *996 support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three of section 710.20.”
Since defendant’s motion clearly sets forth a ground specified in CPL 710.20 a summary denial based on alternative (a) is unwarranted. Therefore, the court must look to alternative (b) and decide if the sworn allegations of fact do not as a matter of law support the ground alleged if there is to be a denial of the motion without a hearing.
By including in CPL 710.60 (subd 3, par [b]) the exception concerning the suppression of statements, it appears that the Legislature foresaw the appropriateness of bypassing a hearing in other situations. This section sets forth the proposition that a defendant has a statutory and unqualified right to a hearing whenever the People wish to offer into evidence a statement made by the defendant to a public servant. However, there is no mention of any parallel unqualified right to a hearing whenever a motion is made to suppress potential identification testimony.
Whenever the issue concerns the admissibility of statements made by defendant, a judicial determination as to voluntariness must first be made before the jury may pass upon reliability (Jackson v Denno, 378 US 368, 387). Procedures for implementing this were set forth by the Court of Appeals (People v Huntley, 15 NY2d 72) and adopted by the Legislature.
A preliminary determination is not required in every instance where the identification of the defendant is in issue. Had the Legislature desired that a hearing be held with respect to all viewings, presumably, this would have been included as an exception under CPL 710.60. Therefore, in a case such as the one at bar where the procedure followed does not constitute an identification but rather a confirmation, the viewing does not fall within the ambit of the statute requiring a pretrial hearing.
Defendant’s motion is denied.