Walter T. Gorman, J.
The defendant seeks a Wade hearing. The People oppose that request. The court finds the facts, which are not disputed in this proceeding, as follows:
On February 13, 1975 an undercover police officer purchased heroin. Seven days later he saw the defendant on the street and told another police officer who was present that the defendant had previously sold drugs to him. The other officer arrested the defendant and received a signal from the undercover officer that he had arrested the right person. Later that evening the undercover officer observed the defendant at the precinct and confirmed his earlier identification.
This court must decide whether either the on-the-street viewing or the station house viewing of the defendant mandate the granting of a Wade hearing.
CPL article 710 governs the procedure to be followed with respect to motions to suppress evidence. The grounds for such a motion are contained in CPL 710.20 which reads, in relevant part:
"Upon motion of a defendant who * * * (b) claims that improper identification testimony may be offered against him in a criminal action, a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded upon the ground that it * * *
"5. Consists of potential testimony identifying the defendant as a person who committed the offense charged, which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.”
However, a hearing is not always imperative. CPL 710.60 (subd 3) reads:
"The court may summarily deny the motion if * * *
"(b) The sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three of section 710.20.”
That provision deals with motions to suppress a statement made by a defendant to a public servant.
From the applicable statutes it appears that the validity of an identification procedure, unlike the admissibility of state *972 ments, at times can be determined by examining the moving and answering affidavits without a hearing (People v Leftwich, 82 Misc 2d 993, 996).
This court holds as a matter of law that the on-the-street identification was not suggestive. The affidavit of the Assistant District Attorney states that the viewing was not prearranged, but, rather, was spontaneous in nature. The undercover officer pointed out the defendant "from a random sampling of people on a street” (People v Morales, 37 NY2d 262, 271). While a mistaken identification always looms as a possibility, the Legislature has left that determination, absent a suggestive viewing, to the trial court, where the People must prove the element of identification beyond a reasonable doubt. (See People v Anderson, NYLJ, Jan. 23, 1975, p 18, col 4.)
The precinct viewing presents a unique problem. For while the showing was prearranged and "suggestive” by nature, it followed a recent on-the-street identification and was not conducted for traditional viewing purposes. Instead, this observation was staged to confirm the original identification. It was prompted by the identifying witness and at his request, rather than by the arresting officer.
Other tribunals have been confronted with the confirmation viewing. In People v Morales (supra, p 272) the court found that such a viewing "later the same day was, far from being improper, actually 'consistent with good police work’”. There, the court found the testimony as to that viewing admissible (p 271). However, the instant issue did not arise, since a Wade hearing had been held in the Morales trial court.
In a slightly different factual situation the court in People v Leftwich (82 Misc 2d 993, supra) decided that a confirmation was outside the statutory definition of an identification. The Leftwich court reasoned that the legislative distinction in treating statements and identifications for summary denial of motion purposes placed certain viewings beyond the statute’s pretrial hearing requirement (p 996). This court agrees with that rationale.
The precinct viewing acts to ascertain that the individual designated by the undercover officer on the street is the person who was arrested. It also allows the officer to get a better look, so that he can be sure that he identified the correct person. If the undercover officer were not seeking to conceal his identity from the accused, the identification and confirmation could have been properly held together on the *973 street. No rights of the defendant have been infringed upon by the short delay in the confirmation. The court knows of no judicial or statutory bar to a witness getting a closer look at the person he believes committed a crime.
From the submitted papers this court determines that the station house viewing was a confirmation, rather than an identification, and, therefore, not improper.
Defendant argues that People v Wright (47 AD2d 894) compels a contrary conclusion. That case merely stated in a brief memorandum opinion that "in view of the circumstances of the arrest, the requested Wade hearing should have been granted to avoid the possibility of an irreparable mistaken identification.” The Wright court reversed the judgment of conviction because of the failure to disclose the identity of the informer. The "circumstances of the arrest”, which were not elaborated upon in Wright, distinguish that case from the present situation. Here, the on-the-street identification was untainted.
In view of the foregoing defendant’s motion for a Wade hearing is denied.