Isidore Levine, J.
Respondent is the subject of two delinquency petitions (D.4169/76 and D.4170/76) which allege that he committed acts which if done by an adult would constitute the crimes of attempted robbery, robbery, and grand larceny. On November 17, 1976, respondent appeared with his attorney for an initial hearing. Respondent was paroled and the case was adjourned until January 14, 1977. The case was adjourned again until February 22, 1977 at the request of respondent.
By motion made returnable January 31, 1977, respondent moved for: (a) an identification hearing; (b) an order suppressing all evidence obtained in deprivation of his constitutional rights; and (c) a bill of particulars.
Corporation Counsel has submitted an affirmation in opposition to the instant motion raising as one defense the fact that this motion would not be timely under CPL 255.10 and CPL 255.20, which provide that certain pretrial motions be made within 45 days after arraignment or within 45 days after counsel initially appears on defendant’s behalf. In support of his position, Corporation Counsel cites Matter of Michael (Queens Docket No. D.63/75) in which Judge Glasser held CPL 200.90 and CPL 255.20 applicable to juvenile delinquency *527 cases and denied a motion for a bill of particulars brought more than six months after respondent’s initial appearance. The relevant portion of Judge Glasser’s decision is quoted below:
"The difficulties inherent in the question as to whether the CPLR or CPL is applicable to delinquency proceedings, a question which pervades proceedings of this nature, has been considered in some detail in Matter of Williams, 70 Misc. 2d 320 (1972). For all the reasons set forth in Matter of Santos C, 322 NYS2d 203 and Matter of Edwin R., 60 Misc. 2d 355 and in view of the regularity with which appellate courts in this state have been adverting to the provisions of the CPL in delinquency proceedings, the court determines that the provisions of the CPL and the cases decided thereunder are controlling in the disposition of this motion.”
In Matter of Michael (Queens Docket No. D.2186/76), Judge Moskoff denied a motion to dismiss a delinquency petition drawn on information and belief on the ground that the motion was not timely made within the period specified by CPL 255.20. Part of the decision is quoted below:
"The rationale underlying CPL §§ 170.30(2) and 255.20(1)— the prevention of undue delay — is as applicable to a juvenile delinquency proceeding as it is to a criminal case. The policy underlying the Family Court Act as evidenced by § 747 'Time of fact-finding hearing’ and § 748 'Adjournment of fact-finding hearing’ is to require the prompt disposition of delinquency cases — more prompt disposition than an adult would receive in a criminal court. The speedy disposition of delinquency cases is thwarted if a respondent is allowed to bring whatever motions he pleases whenever he pleases.
"Unfortunately, Article 7 of the Family Court Act does not contain any section comparable to CPL §§ 170.30(2) and 255.20(1). Because of the absence of a specific FCA section or court rule setting a time period for the making of the instant pre-trial motion, and because the respondent seeks the advantages of the criminal law on this issue, the court will apply the period set forth in the CPL.
"Before doing so, the court, mindful that the CPLR — when appropriate — governs Family Court proceedings (FCA § 165) notes those appellate cases which follow criminal procedure rather than the CPLR in certain aspects of delinquency proceedings. See, for example, In re Steven B., 30 AD2d 442, 293 NYS2d 946 (1st Dept. 1968) (the unsworn testimony of a minor *528 must be corroborated); In re William L., 41 AD2d 674, 340 NYS2d 1001 (2d Dept 1973) (the testimony of accomplices must be corroborated); and In re Gary G, 42 AD2d 704, 346 NYS2d 276 (2d Dept. 1973) (a juvenile has the right to a voir dire examination to suppress evidence.”
This court is in complete agreement with the reasoning of its learned colleagues quoted above and denies the instant motion as not being timely made within the provisions of CPL 255.20, which is deemed applicable to the instant proceeding.
Alternatively, the court denies the instant motion because of respondent’s loches. Whether expressly stated or not, the doctrine of loches has been frequently applied by the courts to prevent undue delay in bringing various motions. (See, e.g., De Candido v Young Stars, 10 AD2d 922 [motion for a temporary injunction denied on the ground of loches]; Meier v Shively, 10 AD2d 566; Mazzacano v Jordan, 40 Misc 2d 901 [motions to substitute parties denied for loches]; O’Hara v Tidewater Oil Co., 23 AD2d 870 [motion to amend answer to interpose a counterclaim made one year after joinder of issue and only after plaintiffs motion for a trial preference had been granted denied when grant of such motion could have resulted in delay of trial]; Renzo v Kelton, 10 AD2d 859 [motion to vacate preclusion order denied in view of extended and unexcused delay in making the motion]; Schwartz v Cuyler, 256 App Div 1041; Thatcher v Kitzing, 242 App Div 640 [motions to change venue denied on the ground of loches]; Warren v Vick Chem. Co., 37 AD2d 913; Coleman v Green, 26 AD2d 630 [motions to discover barred by loches].)
While respondent herein is not guilty of the gross loches of some of the parties in the cases cited in the preceding paragraph, the court nevertheless finds that there has been undue delay in bringing the instant motion coupled with prejudice to the other side. Granting this motion would probably result in another adjournment of this proceeding with consequent inconvenience to witnesses. Witnesses subjected to repeated adjournments become discouraged and often finally refuse to come to court. As a consequence, some juvenile respondents never have to answer for their conduct, and their interests and the interests of society are injured.
The court also notes that there is no adequate showing in the papers .why an identification hearing should be granted. Respondent’s papers contain mere conclusory allegations without any showing of facts that would tend to support the *529 motion. (CPL 710.60, subd 3, par [b]; People v McCoy, 71 Misc 2d 381.) There is no showing that respondent made any admissions to the arresting officer (McCoy, supra), and the affirmation of Corporation Counsel indicates that none will be used against respondent. Similarly, the motion papers do not convince the court that more information is needed by a bill of particulars in order for respondent to adequately prepare a defense.
Respondent’s motion is in all respects denied for failure to comply with the time period specified by CPL 255.20, for loches, and for inadequacy of the motion papers.