THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MARRERO, Appellant.

Defendant was arrested on January 14, 1983, after he allegedly sold a quantity of cocaine to an undercover police officer for $10 during a "buy and bust" operation. The arresting officer recovered the $10 used by the undercover officer to buy the drugs from defendant. On this appeal he contends that his motion for a *Wade* hearing was improperly denied; that the jury did not consist of a cross section of the community because jury selection took place during the Jewish holiday of Succoth; that improper comments by the prosecutor during his opening statement and summation deprived him of a fair trial; and that his sentence was improperly based on unverified hearsay information and was excessive.

The record indicates that the undercover police officer viewed defendant through a two-way mirror at the 68th Precinct within minutes of the transaction, and after another officer had arrested defendant. The viewing was for the purpose of confirming that the right person had been arrested. Under the circumstances, the denial of a *Wade* hearing was not improper (*see, People v Morales*, 37 NY2d 262, 271-272; *People v Watkins*, 67 AD2d 741, 742; *People v Hernandez*, 124 Misc 2d 840, 842; *People v Laurain*, 84 Misc 2d 970; *People v Leftwich*, 82 Misc 2d 993).

Defendant's claim that the jury did not consist of a cross section of the community because jury selection took place on September 22 and 23, 1983, during the Jewish holiday of Succoth, which allegedly prevented Orthodox Jews from serving on the jury, is without merit. There was no deliberate or systematic exclusion of members of the Jewish faith, as the defendant himself concedes in his brief. The mere fact that a voir dire of a jury is conducted on a Jewish holiday does not constitute an infringement of the right to a jury composed of a fair cross section of the community (*Grech v Wainwright*, 492 F2d 747; *United States v Suskin*, 450 F2d 596, 599; *Scott v State*, 411 So 2d 866 [Fla]; *Grech v State*, 243 So 2d 216 [Fla App], *cert denied* 247 So 2d 439 [Fla]; *People v Goodman*, 92 Misc 2d 927; *cf. People v Guzman*, 60 NY2d 403, *cert denied* __ US __, 104 S Ct 2155; *People v Seymour*, 97 AD2d 907).

The allegedly improper comments made by the prosecutor during his opening statement and summation did not deprive defendant of a fair trial. The trial court sustained all of the objections to the comments and delivered prompt curative instructions to the jury to disregard the comments, and defense counsel did not request any further curative instructions. In view of the trial court's actions and the overwhelming proof of defendant's guilt in this case, a reversal and new trial is not required (*see, People v Hopkins,* 58 NY2d 1079, 1083; *People v Galloway,* 54 NY2d 396; *People v Brosnan,* 32 NY2d 254; *People v Roopchand,* 107 AD2d 35; *People v Gonzalez,* 102 AD2d 895; *People v Cuevas,* 99 AD2d 553, *People v Brown,* 91 AD2d 615). Finally, the information supplied to the trial court prior to the imposition of sentence was based, at least in part, on defendant's prior criminal history, including prior crimes for which defendant was never tried or convicted, which may properly be considered by the sentencing court (*see, e.g., Williams v New York,* 337 US 241, *reh denied* 337 US 961, *reh denied* 338 US 841; *United States v Hansen,* 701 F2d 1078; *People v Whalen,* 99 AD2d 883, 884; *People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973; *People v Wright,* 104 Misc 2d 911, 920). Additionally, defendant admitted at a prior trial that he was involved in various criminal activities. Therefore, there is no basis for vacatur of the sentence, and since the imposition of a sentence involves consideration "of the crimes charged, the particular circumstances of the offender, and the purposes of a penal sanction" (*People v Suitte,* 90 AD2d 80, 83, citing *People v Farrar,* 52 NY2d 302, 305; *People v McConnell,* 49 NY2d 340, 346), the sentence imposed was not excessive. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.