OPINION OF THE COURT
Eugene Nardelli, J.
Defendant has been indicted for criminal sale of a controlled substance in the third degree. Charged with knowingly and unlawfully selling heroin to a police officer, he has moved *165 for, among other relief, "[a] hearing pursuant to CPL Article 710 to suppress evidence, to wit, identification testimony.”
CPL 710.60 (1) requires that motion papers seeking suppression of evidence "must state the ground or grounds of the motion and must contain sworn allegations of fact * * * supporting such grounds. Such allegations may be based * * * upon information and belief, provided that * * * the sources of such information and the grounds of such belief are stated.” In compliance with that requirement, defendant affirms and argues: "With respect to the motion for an identification hearing, we rely on the V.D.F. which indicates that a so-called confirmatory identification of the defendant was made by the undercover officer at the time and place of the defendant’s arrest. Even police as complainants can be made subject to unnecessary and unfair suggestive identification procedures used by other police officers. Wherefore, a hearing should be held to determine whether the identification of the defendant by the undercover police officer was unconstitutionally obtained.”
CPL 710.60 (3) provides that the court may summarily deny a motion to suppress if the motion papers do not allege a proper ground or if "(b) [t]he sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three or six of section 710.20” (emphasis supplied). The two emphasized words were added by Laws of 1986 (ch 776), effective November 1, 1986. CPL 710.20 (3) concerns the suppression of evidence of statements involuntarily made. CPL 710.20 further provides:
"Upon motion of a defendant who * * * (b) claims that improper identification testimony may be offered against him in a criminal action, a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded upon the ground that it: * * *
"(6) Consists of potential testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.”
Before the amendment of CPL 710.60 (3) (b) it was clear that the facts alleged here would not, as a matter of law, *166 support any ground for suppression. The Court of Appeals had ruled that the confirmation by a purchasing undercover officer six hours after defendant’s arrest that other officers had arrested the right man was merely consistent with good police work. The trial court had held a hearing and had found that the viewing had not been for the purpose of identification but for the undercover officer to assure himself that his backup team had arrested the man he intended; the Court of Appeals found that conclusion correct. (People v Morales, 37 NY2d 262, 271.) Once that principle was established, there was no point in holding a hearing when a defendant’s only claim was that an officer had, without a lineup, confirmed him as the seller of drugs in such circumstances. (People v Stanton, 108 AD2d 688 [1st Dept].) The question could be decided on the parties’ moving papers and responses. (People v Laurain, 84 Misc 2d 970 [Sup Ct, NY County]; People v Leftwich, 82 Misc 2d 993 [Sup Ct, NY County].) In Leftwich the court considered its first question to be whether this subsequent viewing by the purchasing undercover officer "constituted an identification within the purview of United States v Wade (388 US 218)” (supra, at 994). It concluded that it did not. In deciding that no hearing was necessary, however, Laurain and Leftwich relied on CPL 710.60 (3)’s not providing an exception in paragraph (b) for subdivision (6) as well as for subdivision (3) of CPL 710.20. Now, because of the 1986 amendment, it does provide for such exception.
Thus the court is left with the question whether, now that there is an exception from summary denial for subdivision (6), the court must grant a hearing with respect to a confirmation by a purchasing undercover policeman even though the proof at such hearing of all defendant’s allegations or the People’s granting of the truth of such allegations would not justify suppression. The 1987 Supplementary Practice Commentary on the 1986 amendment to CPL 710.60 (3) (b) in McKinney’s Consolidated Laws of NY, while noting that no legislative memorandum was submitted with the bill, suggests that the futile result has not been mandated. It concludes that the 1986 amendment should not generate hearings where "there is no issue as to the defendant’s identity, or the defendant and the witness were previously known to one another * * * or the viewing consisted of an undercover officer’s 'confirmation’ that the right person had been arrested” (Preiser, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, *167 Book 11 A, 1987 Pocket Part, CPL 710.60, at 43-44). This court must conclude that that conclusion is correct.
In the instant case the People affirm that the purchasing undercover officer made his confirmation at a showup at the scene five minutes after his purchase. The voluntary disclosure law form states that the confirmation was at approximately the same time as the arrest, and the defendant has adopted that timing of the confirmation in his affirmation. There is no material question of fact to be decided. Under the criteria of Morales, Stanton, Laurain and Leftwich (supra), what occurred was clearly a confirmation that the right man had been arrested and not an identification within the meaning of Wade. Although a dictum in Leftwich states that an undercover officer’s confirmation is an identification within the limits of what is now CPL 710.20 (6), this court must conclude that it is not. As was pointed out in People v Laurain (84 Misc 2d, supra, at 971-972), the short delay in the confirmation in such cases is merely to conceal the identity of the undercover officer from the accused and does not infringe the rights of the latter. The purpose of the viewing is to assure that an innocent man is not incarcerated by someone else’s mistake. (See, People v Morales, 37 NY2d, supra, at 272.) When there is substantial delay between a purchase and a viewing and there may thus be a possibility that the wrong man has been arrested, a viewing by a purchasing undercover officer may indeed be for "identification”, that is, to show that the seller and the person arrested are the same person (see, Funk & Wagnalls Intl Dictionary [1978]) and a Wade hearing may be called for to avoid the possibility of irreparable mistaken identification. (See, People v Wright, 47 AD2d 894 [1st Dept] [seven weeks between purchase and viewing].) After five minutes (or after five hours, for that matter) the viewing is clearly only to confirm an "identicalness” already established, not to show that the seller and the person arrested are the same. Strangers must identify themselves to us. Friends and family members who ring our doorbells merely confirm that it is they, a process involving less difficulty and fewer risks of error. It is perhaps regrettable that semantic exercises must be resorted to in construing a two-word amendment to a statute where such important competing considerations as defendants’ statutory rights on the one hand and demands on already stretched court resources on the other are concerned. But where the asserted statutory rights are to hearings after which suppression would have to be denied even if defendant *168 proved every one of his allegations, the regret is mitigated. The concept of demurrer in the common law is not a fatuous one.
Once the validity of the confirmatory process is accepted, there is still the question of the correctness of the confirmation itself. The resolution of that issue is left to the trial court, where the People must prove such correctness beyond a reasonable doubt. (People v Laurain, 84 Misc 2d, supra, at 972; People v McCoy, 71 Misc 2d 381, 382 [Sup Ct, Bronx County].)
Defendant’s motion for a hearing with respect to the suppression of identification testimony is denied.