■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIBERTO ERAZO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered September 13, 1985, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The description of the suspect relayed by the undercover officer to his backup team, which arrested the defendant on the scene within minutes of the narcotics transaction, was sufficiently detailed to provide probable cause to believe that he was the individual who committed the crime (see, People v Carrasquillo, 54 NY2d 248; People v Witherspoon, 115 AD2d 572; cf., People v White, 117 AD2d 127). Further, we find that the prompt on-the-scene confirmatory showup identification of the defendant by the undercover officer was consistent with good police procedure, and was not an identification procedure which warranted a Wade hearing (see, People v Morales, 37 NY2d 262; People v Stanton, 108 AD2d 688; cf., People v Rubio, 118 AD2d 879, after remittitur 133 AD2d 475 [station house identification by undercover officer 27 days after the crime]).

The defendant's sentence was imposed in accordance with the terms of the plea bargain agreement and we see no basis for disturbing it on appeal (see, People v Kazepis, 101 AD2d 816). Similarly we see no abuse of discretion in the court's denial of the defendant's request for a waiver of the mandatory surcharge (Penal Law § 60.35). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.