OPINION OF THE COURT
Carol Berkman, J.
Defendant, charged with criminal sale and possession of controlled substances in the third degree, moves to preclude the identification testimony of the undercover police officer to whom he allegedly sold heroin pursuant to CPL 710.30, based upon the prosecutor’s failure to serve identification notice within 15 days of defendant’s arraignment.
The People, without providing any factual details as to the circumstances of the identification, oppose defendant’s re *44 quest.[1] Citing People v Morales (37 NY2d 262), the People claim that the confirmatory identification procedure used in this matter does not rise to the level of an identification covered by CPL 710.30 (1) (b).[2]
The prosecutor’s characterization of an identification procedure as "confirmatory” does not relieve the People of their statutory obligation to provide notice of intent pursuant to CPL 710.30 (1) (b). The determination that a viewing is an untainted confirmatory identification cannot be made unilaterally by the prosecutor. The question is one of fact and law, to be decided by the court pursuant to CPL 710.60 upon motion by a defendant to suppress.
An alleged confirmation identification is a previous identification within the meaning of CPL 710.30 notwithstanding that in People v Morales (37 NY2d 262, 272, supra) the Court of Appeals found that such a viewing was "far from being improper, actually 'consistent with good police work’ * * * since it assured that an innocent man was not incarcerated by someone else’s mistake.” Notably, the trial court’s determination in Morales that the station house viewing had not been for the purpose of identification, but for the undercover officer to assure himself that his backup team had arrested the man he intended, was made following an identification hearing held at defendant’s request. (People v Morales, supra, at 271.) Based on the uncontradicted proof in the case, the Court of Appeals found that conclusion correct, the procedure not unnecessarily suggestive and the undercover officer’s testimony as to the viewing admissible. However, the ultimate admissibility of evidence does not dictate whether a defendant is entitled to notice of its existence under CPL 710.30.
Although cases decided subsequent to Morales (supra) hold that a hearing is not necessarily required to determine the confirmation issue (see, People v Stanton, 108 AD2d 688 [1st Dept]; People v Doherty, 136 Misc 2d 164 [Sup Ct, NY County]; People v Laurain, 84 Misc 2d 970 [Sup Ct, NY County]), in some instances a hearing is necessary, as in People v Rubio (118 AD2d 879 [2d Dept]), where there was a 27-day delay between the sale and arrest and a reasonable possibility that *45 the identification may have been influenced by a suggestive station house showup (see also, People v Wright, 47 AD2d 894 [1st Dept] [seven weeks between purchase and viewing]). In either event defendant is entitled to CPL 710.30 (1) (b) notice so that he may address the issue and the court make the ultimate decision.
People v Gissendanner (48 NY2d 543) does not suggest a different conclusion. In Gissendanner there were no previous or police-arranged identifications within the meaning of CPL 710.30. One officer led the police in arresting defendant several months after the crime, and the other officer by happenstance saw defendant after she had been brought to the police station following her arrest. Clearly Gissendanner may not be read as exempting an alleged confirmation identification from the notice requirement of CPL 710.30 (1) (b).
The People having failed to serve the required notice within 15 days of defendant’s arraignment or establish good cause, the court is constrained under the authority of People v McMullin (70 NY2d 856) to preclude all identification testimony by the undercover officer.

. Contrary to the People’s response, defendant’s request is not limited to suppression to the "confirmatory” identification, nor does defendant concede that the viewing was confirmatory.

. Given the general practice of providing notice even of alleged confirmation identifications, it appears that the unusual failure to provide notice here was due merely to oversight.