■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EAGLETON, Appellant.—Judgment, Supreme Court, Bronx County (Irene J. Duffy, J.), rendered August 10, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

In this narcotics "buy-and-bust" operation the undercover police officer confirmed defendant's identification to the arresting officers within five minutes of the transaction. Since this was a confirmatory viewing and not an identification procedure requiring a formal hearing, the court properly denied defendant's request for a *Wade* hearing. *(See, People v Wharton,* 74 NY2d 921; *People v Erazo,* 134 AD2d 610, *lv denied* 70 NY2d 954.)

After the denial of his motion for a *Wade* hearing and motion to suppress physical evidence, defendant took the stand at trial and admitted possession of a small quantity of cocaine for his own personal use. The jury acquitted defendant of the charge of criminal sale of a controlled substance in the third degree, but convicted him of criminal possession with intent to sell (Penal Law § 220.16 [1]). Defendant now argues that counsel's failure to assert defendant's version of the incident in support of the earlier motion to suppress physical evidence constituted ineffective assistance of counsel. We disagree. In order to make out a charge of ineffective assistance of counsel, it is incumbent upon defendant to demonstrate the absence of any strategic or other legitimate explanation for counsel's failure to take steps he now alleges should have been taken. Even assuming that the version which defendant gave at trial was available to counsel before trial, it is obvious why a defendant would not want to commit himself in advance of trial as to a specific defense or to apprise the prosecutor as to his expected testimony. Indeed, that was the apparent strategy here. In his opening, defense counsel avoided any specifics as to the defense and never even indicated he would testify.

Since, on this record, there exists a clear strategic reason for not including the facts defendant testified to at trial in support of the motion, defendant's claim of ineffective counsel is rejected. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.