■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 2, 1988, convicting him of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the branch of his omnibus motion which was to suppress identification testimony should not have been denied without a hearing. We find his argument to be without merit.

Concededly, the defendant was arrested by a police backup team within 15 minutes and two blocks of the narcotics transaction. Thereafter, the undercover officer viewed the defendant on the street, also within two blocks of the scene of the sale and approximately 20 minutes after defendant's arrest. We find the confirmatory viewing of the defendant by the undercover officer was made in close spatial and temporal proximity to the crime, not for identification purposes but to confirm that the proper person had been arrested. As a prompt on- or near-the-scene confirmatory viewing, it was not an identification procedure which warranted a *Wade* hearing *(see, People v Thompson,* 149 AD2d 634, 635; *People v Francis,* 139 AD2d 527; *People v Erazo,* 134 AD2d 610; *People v Marrero,* 110 AD2d 785; *People v Morales,* 37 NY2d 262).

The People gratuitously served the defendant pursuant to CPL 710.30, with a notice of intention to offer the at-the-scene identification testimony at the trial. That does not change the character of the confirmatory viewing to a pretrial identification procedure subject to a *Wade* hearing *(see, People v McClane,* 149 AD2d 536; *People v Suren,* 131 AD2d 896).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.