■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered December 9, 1988, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The record does not support the defendant's contention that the arresting officer's testimony lacked the specificity necessary to enable the hearing court to decide the issue of probable cause. The description of the perpetrators relayed by the undercover officer to his backup team, one of whom arrested the defendant on the scene within minutes of the narcotics transaction, was sufficiently detailed to provide probable cause to believe that the defendant was one of the individuals who committed the crime (see, People v Erazo, 134 AD2d 610). Moreover, the prompt on-the-scene showup identification of the defendant by the undercover officer was consistent with good police procedure (see, People v Erazo, supra; People v Marrero, 110 AD2d 785). Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.