■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL RODRIGUEZ, Appellant

Defendant argues that the evidence was insufficient to sustain a finding that he intentionally caused the victim's injuries, since he was acquitted of first and second degree assault and there was no proof of intent to injure apart from that offered to support those counts. By failing to raise what the People aptly describe as "a masked repugnancy argument" prior to the jury's discharge, defendant has failed to preserve this claim as a matter of law *(People v Alfaro,* 66 NY2d 985), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find the evidence, viewed in the light most favorable to the People, sufficient to

prove the elements of assault in the third degree beyond a reasonable doubt to a rational trier of fact *(People v Bleakley,* 69 NY2d 490, 495). Moreover, even if defendant were correct, the jury may extend mercy to an accused by finding a lesser degree of crime than is established by the evidence *(People v Tucker,* 55 NY2d 1, 7).

Defendant's argument that the Fifth Amendment prohibition against double jeopardy was violated is also without merit. The Constitution precludes only "the prosecution of a defendant who has himself previously been acquitted of another crime based on the same transaction, where the prior acquittal necessarily involved a rejection by the jury of some factual element necessary to the new prosecution" *(People v Berkowitz,* 50 NY2d 333, 343-344). Double jeopardy, therefore, cannot be implicated within the context of a single prosecution. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Kassal, JJ.