■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAULINO, Appellant. [731 NYS2d 152] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered October 28, 1998, convicting defendant, after a jury trial, of unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

The court's excusal of prospective jurors who stated that they would not be able to serve on an upcoming Jewish holiday was not discriminatory and did not deprive defendant of a fair cross-section of the community (*People v Marrero*, 110 AD2d 785, *lv denied* 65 NY2d 983; *United States v Suskin*, 450 F2d 596). The court properly exercised its discretion in rejecting defense counsel's proposal that the case be adjourned during the holiday in question.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established that defendant held his victim captive while swinging a machete in close proximity to her.

The court's *Sandoval* ruling, which permitted inquiry into unspecified convictions and the use of false names and addresses while precluding inquiry into the nature and underlying facts of such convictions, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

Since defendant's ineffective assistance of counsel involves facts dehors the record concerning matters of strategy, it would require a CPL 440.10 motion (*People v Love*, 57 NY2d 998). In any event, based on the existing record, we conclude that counsel provided meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.