■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ANDOLINA, Appellant. [805 NYS2d 399]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 20, 2003, convicting him of robbery in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of robbery in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Samwell,* 287 AD2d 663 [2001]; *People v West,* 233 AD2d 277 [1996]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the third degree beyond a reasonable doubt (*see People v Cannon,* 1 AD3d 606 [2003]; *People v Lawson,* 184 AD2d 588, 589 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Rayam,* 94 NY2d 557, 562 [2000]; *People v Cannon, supra; People v West, supra*). Contrary to the defendant's contention, the acquittal on the robbery in the first degree count (*see* Penal Law § 160.15 [3]) did not undermine the weight and sufficiency of the evidence on the robbery in the third degree count (*see* Penal Law § 160.05), of which the defendant was convicted (*see People v Rayam, supra* at 563; *People v Cannon, supra; People v West, supra; People v Rodriguez,* 179 AD2d 554 [1992]).

Further, the defendant's argument that the court's excusal of

four Orthodox Jewish prospective jurors because they could not serve on the upcoming Jewish holidays deprived him of his right to a jury selected from a fair cross-section of the community is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the argument is without merit (*see People v Paulino*, 287 AD2d 302 [2001]; *People v Marrero*, 110 AD2d 785 [1985]).

The defendant's remaining contention is without merit. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.