◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OJELEDE EHIKHAMENOR, Appellant. [900 NYS2d 90]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 25, 2008, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the second degree on the ground that his intent to commit the crime was not established (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. The defendant's intent to commit a crime can be inferred from his conduct, including his unlawful entry by breaking open the front door of the complainant's apartment (*see People v Gilligan*, 42 NY2d 969 [1977]; *People v Diaz*, 53 AD3d 504 [2008]; *People v Brown*, 36 AD3d 930 [2007]; *People v Moore*, 303 AD2d 691 [2003]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the acquittal

on those counts of the indictment which alleged crimes committed inside the complainant's apartment did not undermine the weight and sufficiency of the evidence on the count of burglary in the second degree of which he was convicted (*see People v Andolina*, 23 AD3d 573 [2005]; *People v Cannon*, 1 AD3d 606 [2003]). Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.