People v Stonesco (2018 NY Slip Op 05499)





People v Stonesco


2018 NY Slip Op 05499


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-00627
 (Ind. No. 389/15)

[*1]The People of the State of New York, respondent,
v
John Stonesco, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Anastasia Spanakos, and John McGoldrick of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered December 15, 2015, convicting him of attempted burglary in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of attempted burglary in the second degree on the ground that his intent to commit the crime was not established (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the acquittal on those counts of the indictment which alleged crimes committed inside the complainant's apartment did not undermine the weight and sufficiency of the evidence supporting his conviction of attempted burglary in the second degree (see People v Ehikhamenor, 72 AD3d 700, 700-701; People v Andolina, 23 AD3d 573).
The defendant's contention that the trial court improperly considered attempted burglary in the second degree as a lesser included offense of burglary in the second degree is not preserved for appellate review (see CPL 470.05[2]; People v Leftwich, 155 AD2d 557). In any event, the contention is without merit (see People v Lopez, 277 AD2d 397, 397).
Finally, the defendant was not denied the effective assistance of counsel by trial [*2]counsel's failure to object to the Supreme Court's consideration of the lesser-included offense. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d 143, 152, quoting People v Stultz, 2 NY3d 277, 287). Moreover, the defendant was, in all respects, afforded meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court